| | |
|---|---|
| ROBERT MICHAEL LONG, JR., )<br>*also known as* )<br>Darrael Holland, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>RODNEY MONROE, )<br>Chief of Police, et al., )<br> )<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 32); a Motion to Dismiss by Defendants Ryan Pagan and Mary Riddle, (Doc. No. 34); a Motion to Dismiss by Defendants Charlotte Mecklenburg Police Department, City of Charlotte, Rodney Moore, and E.M. Riley, (Doc. No. 36); Plaintiff's Motion for Entry of Default, (Doc. No. 42); and on Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 46).

**I.     BACKGROUND**

    A.     Procedural Background

Plaintiff Robert Michael Long, Jr., also known as Darrael Holland, filed this action on February 3, 2012, against numerous defendants pursuant to 42 U.S.C. § 1983. Plaintiff's action is based on his arrest and incarceration after being charged with breaking and entering several vehicles and larceny stemming from events occurring on September 1, 2011. Plaintiff sued the Charlotte-Mecklenburg Police Department ("CMPD"), CMPD's Chief of Police Rodney Monroe, CMPD Officer E.M. Riley, and the City of Charlotte. Plaintiff sued the CMPD

Defendants in both their individual and official capacities. Plaintiff also sued two private individuals, Ryan Pagan and Mary Riddle, whose vehicles were broken into on September 1, 2011, and who gave information to investigators regarding the break-ins. Plaintiff also named a "John Doe" Defendant–a third individual whose vehicle was also allegedly broken into and who also gave information to investigators regarding the break-in.

Plaintiff purports to bring numerous claims against the named Defendants, including violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, malicious prosecution, and false imprisonment. See (Doc. No. 1 at 11). As relief, he seeks to have the criminal charges against him dropped. He also seeks compensatory and punitive damages and injunctive relief in the form of an Order from the Court prohibiting Defendants from committing the various alleged constitutional violations.

  B.  Factual Background

On September 1, 2011, Plaintiff was stopped on Erskine Drive in Charlotte, NC, by Defendant Officer E.M. Riley and other CMPD officers. See (Doc. No. 1at 4). During the stop, Officer Riley questioned Plaintiff and told him, "You know what you did." (Id.). The officers initially told Plaintiff he was not being arrested, but they did ultimately arrest him and took him to CMPD headquarters for questioning. (Id.). At CMPD headquarters, the officers questioned Plaintiff about a series of vehicle break-ins until Plaintiff invoked his right to an attorney. (Id.).

Iris Rainer was with Plaintiff when the officers stopped him. (Id.). Rainer was released at that time, but was apparently carrying a book bag containing multiple stolen items. (Id. at 4-5). While Plaintiff was still at CMPD headquarters being interrogated, officers recovered the book bag at an apartment on 210 Patio Court. See (Id. at 6). The CMPD officers obtained consent to enter the apartment from a woman named Mia. (Id.). Rainer had left the book bag

with Mia shortly before officers retrieved the bag. (Id.).

Rainer was later found attempting to sell other stolen items. (Id.). Rainer was arrested and produced a written statement implicating Plaintiff in the theft of the stolen items. (Id.). Officials charged Plaintiff "with every item found in Ms. Rainer's and Mia's possession." (Id.). Plaintiff was indicted on eight counts of felonious breaking and entering of motor vehicles, felonious larceny of a motor vehicle, two counts of felonious possession of stolen goods, felonious larceny, first-degree burglary, larceny after breaking and entering, six counts of misdemeanor possession of stolen goods, and six counts of misdemeanor larceny. (Id.). Two counts of felonious breaking and entering charges, 11 CRS 240089 and 11 CRS 240098, were dismissed after Plaintiff's indictment. (Id.). The remaining charges are pending with no trial date set. (Id.).

Plaintiff alleges that Defendant Riley and the other CMPD officers initiated the stop on Erskine Drive and arrested him without probable cause in violation of Plaintiff's Fourth Amendment right to be free from illegal search and seizure and his "due process right to be told of why he was being arrested." (Id. at 8). Plaintiff also alleges that the CMPD officers searched the 210 Patio Court apartment without a warrant or exigent circumstances, also in violation of Plaintiff's Fourth Amendment rights.

As part of their investigation, CMPD interviewed the owners of numerous vehicles and homes (all in the same neighborhood) that were broken into on September 1, 2011. Defendants Pagan and Riddle were among those interviewed and each gave a statement to CMPD. (Id. at 9-10). Plaintiff alleges that Pagan and Riddle "created a criminal charge against Plaintiff" and "accused Plaintiff of breaking into her vehicle." (Id.). According to Plaintiff, the charges that stemmed from those statements were later dismissed. (Id. at 3; 10). Plaintiff alleged that

another "unknown" John Doe Defendant made similar statements, and that the charges stemming from those statements were also dismissed. (Id. at 10).

## III.    DISCUSSION

   A.    Motion to Amend

Plaintiff moved for leave to file an amended complaint on July 5, 2012. (Doc. No. 46). Plaintiff is entitled to amend his complaint once a matter of course before, or within 21 days after, the defendant files a responsive pleading. FED. R. CIV. P. 15(a). No defendant has yet filed a responsive pleading. See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (holding that motions to dismiss are not responsive pleadings for purposes of Rule 15). Plaintiff's motion, (Doc. No. 46), is **GRANTED**.[1] A timely-filed amended pleading supersedes the original pleading and, therefore, motions directed at Plaintiff's original pleading are dismissed as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004). Thus, both Plaintiff's and Defendants' remaining motions, (Doc. Nos. 32; 34; 36; 42), are **DISMISSED as**

---

[1] The Fourth Circuit recently re-affirmed that a plaintiff has an absolute right to amend his complaint once as a matter of course irrespective of whether that amendment might prove futile. Galustian, 591 F.3d at 726-27. The Western District of Virginia has held that this does not apply to a plaintiff, like Long, proceeding *in forma pauperis* ("IFP") because courts must dismiss IFP cases at anytime if they determine the case is frivolous or fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e). Rutledge v. Town of Chatham, No. 4:10-cv-35, 2010 WL 4791840, at *6 (W.D. Va. Nov. 18, 2010). While the Fourth Circuit affirmed the court in Rutledge, it did so by unpublished per curiam decision. No. 10-2310, 414 F. App'x 568 (2011). There is no published precedent from this circuit on this issue. There is a split among the other circuits as to whether the Court must grant IFP plaintiffs' motions to amend as a matter of right despite Section 1915's command where amendment appears futile. Compare Brewster v. Dretke, 587 F.3d 764, 767-78 (5th Cir. 2009) (denying plaintiff right to amend) with Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (holding that district court erred in denying an IFP plaintiff leave to amend). In an abundance of caution, this Court will allow Plaintiff's amendment by right.

**moot**.

      B.     Abstention

The doctrine of Younger abstention likely requires this Court to dismiss Plaintiff's case.[2] "The doctrine of abstention articulated in Younger requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit. Younger abstention represents an accommodation between a state's pursuit of important interests in its own forum and the federal interest in federal adjudication of federal rights." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008) (internal citations and quotations omitted). The Supreme Court explained that this doctrine is required to maintain comity, "that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger v. Harris, 401 U.S. 37, 44 (1971).

All three elements appear present here. Plaintiff is incarcerated in Mecklenburg County Jail pending trial for the alleged conduct which led to his arrest. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of

---

[2] "A court may raise application of the Younger doctrine sua sponte." Wolfenden v. Long, No. 5:09-cv-536, 2010 WL 2998804, at *9 n.6 (E.D.N.C. July 26, 2010) (citing Bellotti v. Baird, 428 U.S. 132 at 143 n.10 (1976)).

relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). "Ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).

The Court will not, however, immediately dismiss Plaintiff's suit sua sponte because it has just granted him leave to file an amended complaint and no defendant independently raised this abstention issue. Plaintiff has fourteen (14) days from the date of this Order to file his amended complaint and to show cause why his case should not be dismissed under Younger v. Harris, 401 U.S. 37, 44 (1971).

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 46), is **GRANTED**;

2. Plaintiff and Defendants' remaining motions, (Doc. Nos. 32; 34; 36; 42), are **DISMISSED as moot**; and

3. Plaintiff has fourteen (14) days from the date of this Order to file his amended complaint and to show cause why his case should not be dismissed under Younger v. Harris, 401 U.S. 37, 44 (1971).

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge