UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-64-RJC

| ROBERT MICHAEL LONG, JR., | ) | |
|---|---|---|
| *also known as* | ) | |
| Darrael Holland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| RODNEY MONROE, | ) | |
| Chief of Police, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendants Ryan Pagan and Mary Riddle, (Doc. No. 57).

## I. BACKGROUND

Plaintiff Robert Michael Long, Jr., also known as Darrael Holland, filed the original Complaint in this action on February 3, 2012, against numerous defendants pursuant to 42 U.S.C. § 1983. Plaintiff's action is based on his arrest and incarceration after being charged with breaking and entering several vehicles and larceny stemming from events occurring on September 1, 2011. Plaintiff also alleges constitutional violations related to his guilty pleas and subsequent convictions in state court for felony breaking and/or entering, felony possession of stolen goods, and breaking/entering a motor vehicle. Plaintiff's convictions arise out of a vehicle break-in and robbery on August 19, 2011, in criminal case numbers 2011cr241896, 2011cr241897, and 2011cr241989. See (Doc. No. 55 at 11, ¶ 30: Amended Compl.).

Plaintiff has sued the Charlotte-Mecklenburg Police Department ("CMPD"), CMPD's Chief of Police Rodney Monroe, numerous CMPD officers, and the City of Charlotte. Plaintiff

has also sued several private individuals whose vehicles were broken into on September 1, 2011, including the moving Defendants Ryan Pagan and Mary Riddle. Plaintiff purports to bring numerous claims against the named Defendants, including violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, malicious prosecution, and false imprisonment. See (Doc. No. 55 at 12: Amended Compl.). As relief, he seeks an Order from the Court "vacating and removing" the convictions against him arising out of his guilty pleas in criminal case numbers 2011cr241896, 2011cr241897, and 2011cr241989. (Id. at 13). Plaintiff also seeks compensatory damages, punitive damages, and injunctive relief in the form of an Order from the Court finding that Defendants committed various alleged constitutional violations. (Id.).

The moving Defendants Pagan and Riddle filed a motion to dismiss the original Complaint on June 18, 2012. (Doc. No. 34). On June 19, 2012, the remaining Defendants filed a motion to dismiss. (Doc. No. 36). On July 5, 2012, Plaintiff filed a motion for leave to file an Amended Complaint. (Doc. No. 46). On August 21, 2012, this Court entered an Order allowing Plaintiff to file an Amended Complaint, stating "Plaintiff has fourteen (14) days from the date of this Order to file his amended complaint and to show cause why his case should not be dismissed under Younger v. Harris, 401 U.S. 37, 44 (1971)." (Doc. No. 53). Plaintiff filed an Amended Complaint on September 10, 2012. (Doc. No. 55). On September 14, 2012, the moving Defendants filed the pending motion to dismiss the Amended Complaint. (Doc. No. 57).

## II.    FACTS[1]

---

[1] Because the Amended Complaint is far less detailed than the original Complaint, and does not include any background facts, the Court recites some allegations from the original Complaint that are not in the Amended Complaint to clarify the events leading up to the alleged constitutional violations. Although the Amended Complaint superseded the original Complaint,

On September 1, 2011, Plaintiff was stopped on Erskine Drive in Charlotte, NC, by Defendant Officer E.M. Riley and other CMPD officers.[2] See (Doc. No. 1 at 4). The officers arrested Plaintiff and took him to CMPD headquarters for questioning. (Id.). At CMPD headquarters, the officers questioned Plaintiff about a series of vehicle break-ins until Plaintiff invoked his right to an attorney. (Id.).

Iris Rainer was with Plaintiff when the officers stopped him. (Id.). Rainer was released at that time, but was apparently carrying a book bag containing multiple stolen items. (Id. at 4-5). While Plaintiff was still at CMPD headquarters being interrogated, officers recovered the book bag at an apartment on 210 Patio Court.[3] See (Id. at 6). The CMPD officers obtained consent to enter the apartment from a woman named Mia. (Id.). Rainer had left the book bag with Mia shortly before officers retrieved the bag. (Id.).

Rainer was later found attempting to sell other stolen items. (Id.). Rainer was arrested and produced a written statement implicating Plaintiff in the theft of the stolen items. (Id.). Officials charged Plaintiff "with every item found in Ms. Rainer's and Mia's possession." (Id.). Plaintiff was indicted on eight counts of felonious breaking and entering of motor vehicles,

---

see Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001), the allegations in the original Complaint are relevant to this Court's abstention analysis, see infra.

[2] Plaintiff does not state whether he was stopped while walking or while in a vehicle.

[3] Plaintiff alleged in the original Complaint that Defendant Riley and the other CMPD officers initiated the stop on Erskine Drive and arrested him without probable cause in violation of Plaintiff's Fourth Amendment right to be free from illegal search and seizure and his "due process right to be told of why he was being arrested." (Doc. No. 1 at 8). Plaintiff also alleged that the CMPD officers searched the 210 Patio Court apartment without a warrant or exigent circumstances, also in violation of Plaintiff's Fourth Amendment rights. (Id.). Plaintiff does not raise these claims in the Amended Complaint.

felonious larceny of a motor vehicle, two counts of felonious possession of stolen goods, felonious larceny, first-degree burglary, larceny after breaking and entering, six counts of misdemeanor possession of stolen goods, and six counts of misdemeanor larceny.

As part of their investigation, CMPD interviewed the owners of numerous vehicles and homes (all in the same neighborhood) that were broken into on September 1, 2011. The moving Defendants Pagan and Riddle were among those interviewed and each gave a statement to CMPD. (Id. at 9-10). Plaintiff alleges in the Amended Complaint that Pagan and Riddle "agreed to testify and prosecute Plaintiff without proof, thereby assisting CMPD Defendants in filing a falsified claim against Plaintiff, committed slander, acted under compulsion, with significant state encourages, and [are] thereby liable for suit." (Doc. No. 55 at 4; 6: Amended Complaint). According to Plaintiff, the charges that stemmed from Pagan and Riddle's statements were later voluntarily dismissed because the evidence was inconclusive. (Id.). Plaintiff makes similar allegations about all of the individual Defendants whose vehicles were broken into on September 1, 2011. See (Id. at 4-8).

Plaintiff further alleges that the CMPD Defendants knew before going to the Mecklenburg County District Attorneys office that the CMPD crime lab had already exonerated Plaintiff of any wrongdoing in the September 1, 2011, robberies. (Id. at 9). Plaintiff alleges that the CMPD Defendants failed to notify the District Attorneys office of the crime lab's findings but, instead, allowed the Defendants whose vehicles were broken into to testify to a grand jury that Plaintiff was the perpetrator. (Id.). Plaintiff alleges that the CMPD Defendants "displayed reckless disregard for Plaintiff's constitutional rights and even after finding out Plaintiff was cleared by evidence of any wrong doing they journeyed on in pursuit of conviction." (Id. at 10).

Plaintiff alleges in the Amended Complaint that the CMPD Defendants did not investigate the crime scene until August 23, 2011, despite the fact that the vehicle was broken into on August 19, 2011.  (Doc. No. 55 at 11).  Plaintiff alleges that the "crime scene was contaminated, and CMPD Defendants processed the crime scene despite instructional protocol." (Id.).  Plaintiff alleges that "this shows [the CMPD Defendants'] vindictiveness and maliciousness within prosecution of this case involving cases [2011cr241896, 2011cr241897, and 2011cr241898]."  (Id.).

## III. STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party.  Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010).  In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

## IV. DISCUSSION

### A. Plaintiff's Claims Arising Out of the Events of September 1, 2011

In its prior Order granting Plaintiff leave to amend the Complaint, the Court observed that it was not clear whether the state criminal proceedings against Plaintiff related to the September 1, 2011, robberies were still pending.  Thus, the Court ordered Plaintiff to show cause

why it should not dismiss this action pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37, 45 (1971). (Doc. No. 58). The doctrine of Younger abstention provides that, absent extraordinary circumstances, a federal court is prohibited from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 45 (1971). Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, Plaintiff is currently imprisoned in the Lumberton Correctional Institution after pleading guilty on August 28, 2012, to criminal charges that he maintains are unrelated to the robberies of September 1, 2011. (Doc. No. 56 at 1). In a Declaration filed by Plaintiff on September 10, 2012, and in his brief in response to the motion to dismiss, Plaintiff asserts that all of the criminal charges against him arising out of the robberies of September 1, 2011, have been dismissed. (Id.; Doc. No. ). Plaintiff contends that Younger abstention therefore does not apply. However, a search of Plaintiff's criminal records on Westlaw lists the following charges filed against Plaintiff in Mecklenburg County Superior Court on September 2, 2011, as "not disposed": Case Numbers 2011cr240098; 2011cr240102; 2011cr240104; 2011cr240106; 2011cr240105; 2011cr240095; 2011cr240097; 2011cr240096; 2011cr240093; 2011cr240079; 2011cr240085; 2011cr240086; 2011cr240087; 2011cr240089; 2011cr240077; 2011cr240094; 2011cr240088; and 2011cr240092.

Therefore, contrary to Plaintiff's assertions, it appears that the state court proceedings against Plaintiff arising out of the September 1, 2011, robberies are still pending. Indeed, on

August 2, 2012, Plaintiff filed in this Court an "Affidavit in Support [of] a[] Preliminary Injunction and a Temporary Restraining Order," seeking an Order from this Court instructing the Mecklenburg County District Attorneys office "to halt all proceedings in this matter until the federal court rules on these issues." (Doc. No. 51 at 2). In the Affidavit, Plaintiff lists almost all of the above-cited criminal charges, plus additional charges, and states that they are pending in the state court. (Id). Although Plaintiff now contends that all of the charges from the September 1, 2011, robberies have been dismissed, Plaintiff's criminal records show otherwise.

This Court finds that Younger abstention is appropriate to Plaintiff's claims arising out of the events on September 1, 2011. A ruling by this Court on Plaintiff's various constitutional claims would no doubt interfere with the pending criminal proceedings in the state court. Furthermore, no extraordinary circumstances exist to warrant an exception to the general rule that federal courts should not interfere with ongoing state court proceedings. However, a stay rather than dismissal is the proper action since Plaintiff is seeking monetary damages. Suggs v. Brannon, 804 F.2d 274, 280 (4th Cir. 1986). Thus, the Court will enter a stay of Plaintiff's claims arising out of the events of September 1, 2011, pending completion of any state court criminal proceedings against Plaintiff related to the September 1, 2011, robberies.

> **B.** **Plaintiff's Claims of Constitutional Violations Related to the State Court Convictions for Felony Breaking and/or Entering, Felony Possession of Stolen Goods, and Breaking/Entering a Motor Vehicle (Criminal Case Numbers 2011cr241896, 2011cr241897, 2011cr241989)**

The Court next addresses Plaintiff's claims of constitutional violations related to Petitioner's guilty pleas in the state court to felony breaking and/or entering, felony possession of stolen goods, and breaking/entering a motor vehicle. (See Mecklenburg County District

Court, Criminal Case Numbers 2011cr241896, 2011cr241897, 2011cr241989). In a Declaration submitted by Plaintiff, he states that he submitted <u>Alford</u> pleas to these three charges on August 28, 2012. (Doc. No. 56 at 1: Long Declaration). Plaintiff alleges that the August 19, 2011 crime scene "was contaminated, and CMPD Defendants processed the crime scene despite instructional protocol." (Doc. No. 55 at 11). Plaintiff alleges that "this shows [the CMPD Defendants'] vindictiveness and maliciousness within prosecution of this case involving cases [2011cr241896, 2011cr241897, and 2011cr241898]." (<u>Id.</u>). In the Amended Complaint, Plaintiff seeks "an order of demand that cases 11-crs-241896, 241897, and 241898 be vacated and removed from Plaintiff violating his 4th, 5th, 8th, and 14th amendment to the U.S. Constitution." (Doc. No. 55 at 13).

Plaintiff's claims to these three charges and the resulting convictions are barred by the principles articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and its progeny. In <u>Heck</u>, the Supreme Court held that a plaintiff's § 1983 claim is barred if it is clear from the record that its success would necessarily imply that the plaintiff's conviction was invalid. 512 U.S. at 486-87. The <u>Heck</u> Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u> at 487. The Supreme Court expounded on <u>Heck</u> and its related cases in <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005), holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

Here, a finding by the Court that the state court convictions against Plaintiff in cases

2011cr241896, 2011cr241897, and 2011cr241989 were the result of constitutional violations against Plaintiff would necessarily invalidate the convictions. Indeed, Plaintiff specifically asks this Court to "vacate" those convictions based on alleged constitutional violations against him. He also seeks damages as a result of the alleged convictions. Thus, Plaintiff's claims related to the convictions against Plaintiff in cases 2011cr241896, 2011cr241897, and 2011cr241989 are barred by Heck and its progeny. Furthermore, to the extent that Plaintiff's claims are in the nature of a habeas petition under 28 U.S.C. § 2254, Plaintiff must first exhaust his available state court remedies before filing a § 2254 petition in this court. See 28 U.S.C. § 2254(b) and (c).

## V. CONCLUSION

For the reasons stated herein, this Court stays Plaintiff's claims arising out of the events of September 1, 2012, based on Younger abstention. Plaintiff's claims regarding the state court convictions in 2011cr241896, 2011cr241897, and 2011cr241989 are dismissed without prejudice as barred by Heck v. Humphrey.

**IT IS, THEREFORE, ORDERED** that:

1. The Court **STAYS** Plaintiff's claims arising out of the events of September 1, 2012, based on Younger abstention. Plaintiff's claims regarding the state court convictions in 2011cr241896, 2011cr241897, and 2011cr241989 are dismissed without prejudice as barred by Heck v. Humphrey.

2. Plaintiff may file a motion to lift the stay at any time, with accompanying court documents showing that all of the charges against Plaintiff arising out of the robberies of September 1, 2011, have been dismissed–i.e., that the state court proceedings as to these charges are no longer pending.

3. Defendants' Motion to Dismiss, (Doc. No. 57), is **DENIED** without prejudice as

**MOOT**.

4. The Clerk is directed to mail a certified copy of this Order to Plaintiff at the following address: Robert Michael Long, Jr. (a/k/a Darrael Holland), Lumberton Correctional Institution, P.O. Box 1649, Lumberton, NC, 28359-1649.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge