DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-64-RJC

| | |
|---|---|
| ROBERT MICHAEL LONG, JR., <br> *also known as* DARRAEL HOLLAND, <br><br> Plaintiff, <br> vs. <br><br> RODNEY MOORE, et al., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on a status review of this action.

## I.  BACKGROUND

Plaintiff Robert Michael Long, Jr., also known as Darrael Holland, filed the original Complaint in this action on February 3, 2012, against numerous defendants pursuant to 42 U.S.C. § 1983. Plaintiff's action is based on his arrest and incarceration after being charged with breaking and entering several vehicles and larceny stemming from events occurring on September 1, 2011. Plaintiff also alleges constitutional violations related to his guilty pleas and subsequent convictions in state court for felony breaking and/or entering, felony possession of stolen goods, and breaking/entering a motor vehicle. Plaintiff's convictions arise out of a vehicle break-in and robbery on August 19, 2011, in criminal case numbers 2011cr241896, 2011cr241897, and 2011cr241989. See (Doc. No. 55 at 11, ¶ 30: Amended Compl.).

Plaintiff named as Defendants the Charlotte-Mecklenburg Police Department ("CMPD"), CMPD's Chief of Police Rodney Monroe, numerous CMPD officers, and the City of Charlotte. Plaintiff also named as Defendants several private individuals whose vehicles were broken into

on September 1, 2011. Plaintiff purported to bring numerous claims against the named Defendants, including violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, malicious prosecution, and false imprisonment. See (Doc. No. 55 at 12: Amended Compl.). As relief, he seeks an Order from the Court "vacating and removing" the convictions against him arising out of his guilty pleas in criminal case numbers 2011cr241896, 2011cr241897, and 2011cr241989. (Id. at 13). Plaintiff also seeks compensatory damages, punitive damages, and injunctive relief in the form of an Order from the Court finding that Defendants committed various alleged constitutional violations. (Id.).

Defendants Pagan and Riddle filed a motion to dismiss the original Complaint on June 18, 2012. (Doc. No. 34). On June 19, 2012, the remaining Defendants filed a motion to dismiss. (Doc. No. 36). On July 5, 2012, Plaintiff filed a motion for leave to file an Amended Complaint. (Doc. No. 46). On August 21, 2012, this Court entered an Order allowing Plaintiff to file an Amended Complaint, stating "Plaintiff has fourteen (14) days from the date of this Order to file his amended complaint and to show cause why his case should not be dismissed under Younger v. Harris, 401 U.S. 37, 44 (1971)." (Doc. No. 53). Plaintiff filed an Amended Complaint on September 10, 2012. (Doc. No. 55). On September 14, 2012, Defendants Pagan and Riddle filed a motion to dismiss the Amended Complaint. (Doc. No. 57). On October 16, 2012, this Court entered an order, dismissing all claims based on Heck v. Humhrey, except for Petitioner's claims arising out of robberies he alleged committed on September 1, 2011. (Doc. No. 61). The Court further stayed the case, based on Younger abstention, as to Plaintiff's claims arising out of the events of September 1, 2011. The Court noted that state criminal charges appeared to be pending as to those claims. The Court further stated, "Plaintiff may file a motion to lift the stay

at any time, with accompanying court documents showing that all of the charges against Plaintiff arising out of the robberies of September 1, 2011, have been dismissed—i.e., that the state court proceedings as to these charges are no longer pending." (Doc. No. 61 at 9). Because this action is still pending on the docket with no resolution of the stay, the Court has sua sponte determined to conduct a periodic status review.

The Court notes that the North Carolina Department of Public Safety web site shows that on August 28, 2012, Plaintiff was convicted of possession of stolen goods, based on the robberies occurring on September 1, 2011. Plaintiff was sentenced to 20 to 24 months on the conviction, with the sentence beginning on January 11, 2015, and to run consecutive to a 10- to 12-month sentence imposed for a separate conviction, also dated August 28, 2012, for breaking and entering vehicles occurring on August 19, 2011.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted). Here, Plaintiff has not shown that the conviction arising out of

the robberies occurring on September 1, 2011, has been reversed or otherwise invalidated. Therefore, any claims arising out of the events occurring related to the robberies occurring September 1, 2011, are barred by Heck. As these were the only claims remaining in this action, the Court finds that the entire action shall be dismissed without prejudice.

**III.   Conclusion**

For the reasons stated herein, the Court lifts the stay in this action, and the Court further dismisses all remaining claims and dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The stay in this matter is **HEREBY** lifted.
2. Furthermore, the Court finds that the only remaining claims in this action are **DISMISSED** without prejudice, as Plaintiff's claims are barred under Heck.
3. The Clerk is directed to close this action.

Signed: January 13, 2015

Robert J. Conrad, Jr.
United States District Judge